UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
 )
   Plaintiff, )
 )
v. ) Civil Action
 ) No. 07-1640
MARTIN HARTMANN, )
 )
   Defendant. )

## CONSENT JUDGMENT OF DENATURALIZATION

Pursuant to the terms of the Settlement Agreement entered into by and between Martin Hartmann and the United States Department of Justice dated Sept. 19, 2007, a copy of which is attached and incorporated as part of this Consent Judgment, Martin Hartmann, having consented to entry of judgment for Plaintiff pursuant to Title 8 U.S.C. Section 1451(a), this Court declares that: (1) Martin Hartmann, through his armed guard service at the Sachsenhausen Concentration Camp and its subcamps, including Babelsberg and the Klinkerwerk, during World War II, personally assisted in Nazi persecution; (2) Martin Hartmann concealed and wilfully misrepresented his armed guard service at Sachsenhausen Concentration Camp from United States officials during his immigration to the U.S.; and (3) Martin Hartmann illegally procured a visa under the Refugee Relief Act of 1953, Pub. L. No. 203, 67 Stat. 400, as amended, 68 Stat. 1044 (1954) and therefore his admission into the United States was illegal and his citizenship was illegally procured.

IT IS HEREBY ORDERED, that

1. Certificate of Naturalization No. 7974241 is cancelled and the Order of the District Court of the First Judicial District at Helena, Montana, of January 13, 1961 admitting Defendant to United States citizenship is revoked and set aside.

2. Defendant shall deliver and relinquish to Plaintiff: (1) his Certificate of Naturalization as a United States Citizen (No. 7974241); (2) all passports, whether expired or unexpired; and (3) any other indicia of United States citizenship.

3. Defendant is forever restrained and enjoined from claiming any rights, privileges, or advantages of United States citizenship.

4. The Complaint in this action is hereby dismissed with prejudice.

5. All provisions of the attached Settlement Agreement between Martin Hartmann and the United States Department of Justice are incorporated in this order by reference and shall be enforced as an order of this Court.

SO ORDERED this 19th day of September, 2007

_____
U.S. District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN HARTMANN, )<br>)<br>Defendant. )<br> ) | Civil Action<br>No. 07- 1640 |

### SETTLEMENT AGREEMENT BETWEEN THE UNITED STATES DEPARTMENT OF JUSTICE AND MARTIN HARTMANN

1. Martin Hartmann ("Hartmann") agrees that, as set forth more fully below, he shall: (a) permanently depart the United States at his own expense on or before August 31, 2007; (b) thereafter take up residence in a foreign country (other than a country specified in paragraph 5 below); (c) upon arrival in that country, send his United States passport, certificate of naturalization, and any other indicia of United States citizenship to the Office of Special Investigations; and (d) join with the United States of America ("the Government") in seeking a federal court order to revoke his naturalized United States citizenship. In consideration of Hartmann's agreement to perform the foregoing actions and contingent on Hartmann's fulfillment of all terms contained in this Agreement, the Government agrees that, prior to September 1, 2007, the Government: (a) will not file an action in federal court pursuant to Section 340(a) of the Immigration and Nationality Act of 1952, as amended (INA), 8 U.S.C. § 1451(a), to revoke Hartmann's citizenship; and (b) will not issue any press release or other public statement concerning Hartmann's case.

2. After August 31, 2007, the Government will file the Complaint attached to this agreement in the United States District Court for the District of Columbia. By doing so, the Government will commence an action seeking the cancellation of Martin Hartmann's Certificate of Naturalization No. 7974241, and the revocation and setting aside of the Order of the District Court of the First Judicial District at Helena, Montana, from January 13, 1961, admitting Hartmann to United States citizenship. At the same time, the Government will also file this Settlement Agreement and the following attached documents with the court: the Statement of Agreed Facts for Settlement, the Joint Motion for Consent Judgment of Denaturalization, the proposed Consent Judgment of Denaturalization, and Hartmann's waiver of service of the summons.

3. Hartmann is familiar with the allegations contained in the attached Complaint and Statement of Agreed Facts for Settlement and agrees that the information set forth in both documents is accurate. Hartmann admits that:

(a) he served as an armed SS guard at the Sachsenhausen Concentration Camp ("Sachsenhausen") in Nazi Germany during World War II;

(b) by serving as an armed SS guard of civilian prisoners, he personally assisted in the Nazi-directed persecution of those prisoners; and

(c) he concealed his guard service at Sachsenhausen from U.S. officials when he applied for immigration to the United States and thereby obtained a visa to enter the United States by fraud or misrepresentation of material facts.

Hartmann does not dispute that if U.S. officials had known of his service as an armed Nazi SS guard at Sachsenhausen, he would not have been permitted to immigrate to the United States.

2

4.Hartmann concedes that, if he is present in the United States subsequent to his denaturalization, he is subject to removal from the United States pursuant to the Immigration and Nationality Act (INA) on charges that: (a) he was not in possession of a valid visa at the time of his admission to the United States; and (b) he assisted in Nazi persecution by serving as an armed Nazi SS guard at Sachsenhausen.

5.Hartmann agrees that on or before August 31, 2007, he will permanently depart the United States, at his own expense, for a country that is not contiguous with the United States (such as Canada or Mexico) and is not an "adjacent island" as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5). Hartmann will take all appropriate action to secure any and all documents needed to effect his departure from the United States.

6.Hartmann further agrees that, after he departs from the Untied States pursuant to the terms of this Agreement, he will not travel to or attempt to enter, at any time, either the United States or any country that is contiguous with the United States, or any adjacent island as defined in INA Section 101(b)(5), 8 U.S.C. § 1101(b)(5).

7.After August 31, 2007, the Government will file in federal district court the attached Unopposed Motion for Consent Judgment of Denaturalization. The motion requests that the court: (a) enter the attached Consent Judgment of Denaturalization, incorporating this Settlement Agreement, as an order of the Court; (b) cancel Hartmann's Certificate of Naturalization No. 7974241; and (c) revoke and set aside the Order of the District Court of the First Judicial District at Helena, Montana, from January 13, 1961, admitting Hartmann to United States citizenship. Upon entry of such order of denaturalization, Hartmann will forever be restrained and enjoined from claiming any rights, privileges, or advantages of United States

3

citizenship.

8. On or before August 31, 2007, Hartmann (or his attorney or other designated representative) will orally notify the Office of Special Investigations that Hartmann has departed from the United States as specified in paragraph 5.

9. Within five days after Hartmann's departure from the United States, Hartmann (or his attorney or representative) will orally notify the Office of Special Investigations of Hartmann's final destination. Within one week of this notification, Hartmann shall send his expired and unexpired United States passports, his Certificate of Naturalization No. 7974241, and any other indicia of his United States citizenship to the Office of Special Investigations by Federal Express ("FedEx"). At the time that this agreement is signed, OSI will provide Hartmann with a prepaid international FedEx airbill and FedEx envelope. If Hartmann fails to surrender these documents to OSI within 20 days after his departure from the United States, Hartmann's attorney or representative shall immediately notify the Office of Special Investigations in writing of Hartmann's address at that time.

10. Hartmann agrees to waive service of any summons in this case as provided in Rule 4(d) of the Federal Rules of Civil Procedure. A written waiver signed by Hartmann is attached. Hartmann agrees that materials relating to the case may be served on a person designated by him in writing. Hartmann further agrees that, if he does not designate a person to accept service prior to his departure from the United States, service of documents relating to this case shall be effective by mailing the documents to his last known address, which is:

    Martin Hartmann
    950 Leisure World
    Mesa, Arizona 85206-2433

11. In the event Hartmann fails to depart the United States on or before August 31, 2007:

    A. The United States will file the attached Complaint and Joint Motion for Consent Judgment of Denaturalization (pursuant to Section 340(a) of the INA, 8 U.S.C. §1451(a)) in any appropriate judicial district.

    B. Hartmann voluntarily agrees that he will not contest the entry of an order revoking his naturalized U.S. citizenship.

    C. Upon entry of a judgment of denaturalization, the United States will institute a removal proceeding against Hartmann pursuant to INA § 240, 8 U.S.C . § 1229a.

    D. Hartmann voluntarily agrees that, after entry of a judgment of denaturalization: (i) he will relinquish his status as a lawful permanent resident; (ii) he is subject to removal from the United States; (iii) he will not seek relief from removal; and (iv) he will not contest the entry of a order of removal or efforts to execute an order of removal.

12. Subsequent to Hartmann's departure as provided in paragraph 6 above, if, at any time, Hartmann enters or attempts to enter into the United States, he agrees that (i) he is removable from the United States; (ii) he will not seek relief from removal; and (iii) he will not contest by any means the entry of an order of removal or efforts to execute an order of removal.

13. Hartmann enters into this Settlement Agreement freely, knowingly, voluntarily, without duress or compulsion of any kind and with full knowledge of the consequences. Hartmann enters into this Agreement after conferring with members of his family. He acknowledges that he has repeatedly been advised by the Department of Justice to retain an attorney to represent his interests in this matter, and that he has voluntarily decided not to do so.

14. By entering into this Agreement, Hartmann agrees that neither he nor his heirs or assigns will challenge the subsequent revocation of his citizenship and any order of removal issued thereafter by any means whatsoever, including, but not limited to: any appeal (whether

5

administrative or judicial); any collateral attack (including any attack under the Federal Rules of Civil Procedure); any application for injunctive action or equitable relief; any petition for habeas corpus; or any legislative action whether by private bill or otherwise.

15. This entire Settlement Agreement shall be entered as an order of the Court in conjunction with and as support for the attached Consent Order.

16. This document constitutes the full and complete agreement between the parties and there exists no other writing or agreement.

FOR MARTIN HARTMAN:

*[signature]*
MARTIN HARTMANN
950 Leisure World
Mesa, Arizona 85206-2433

Dated: 8-6-07

*[signature]*
Witness

Tricia Birmingham
Witness Name and Address
1210 S. Power Rd
Mesa, AZ 85206
Dated: 8/6/07

TRICIA BIRMINGHAM
Notary Public - Arizona
Maricopa County
My Commission Expires
May 18, 2009

6

FOR THE UNITED STATES:

_____
JEFFREY A. TAYLOR
United States Attorney
  for the District of Columbia

Dated: 9/17/07

_____
RUDOLPH CONTRERAS
Chief, Civil Division
U.S. Attorney's Office
District of Columbia
501 3rd Street, N.W.
Suite 4500
Washington, DC 20530
(202)514-7151

Dated: 9/17/07

_____
ELI M. ROSENBAUM
Director

Dated: 8/1/07

_____
SUSAN L. SIEGAL
Principal Deputy Director

Dated: 8/1/07

_____
EDGAR CHEN
Trial Attorney
Office of Special Investigations
Criminal Division
U.S. Department of Justice
10th St. & Constitution Ave., NW
John C. Keeney Building, Ste. 200
Washington, D.C. 20530
(202) 616-2492
(fax) (202)616-2491
edgar.chen@usdoj.gov

Dated: 8/1/07

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN HARTMANN, )<br>)<br>Defendant. )<br>) | Civil Action<br>No. 07-1640 |

## WAIVER OF SERVICE OF SUMMONS

I, Martin Hartmann, acknowledge receipt of your request that I waive service of the summons in the action *United States v. Martin Hartmann*, to be filed in the United States District Court for the District of Columbia as provided in Rule 4(d) of the Federal Rules of Civil Procedure.

I have received a copy of the Complaint in the action, two copies of this waiver and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons in this action by not requiring that I be served with judicial process in the manner provided for by Rule 4.

I understand that a judgment will be entered against me pursuant to the terms set forth in the Settlement Agreement between myself and the United States Department of Justice after August 31, 2007.

8-6-07
(DATE)

(SIGNATURE)

MARTIN HARTMANN

8/6/07
(DATE)

WITNESS SIGNATURE

TRICIA BIRMINGHAM
Notary Public - Arizona
Maricopa County
My Commission Expires
May 18, 2009

Printed/Typed Name: Tricia Birmingham